# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2110 | **DATE** | 11/8/2010 |
| **CASE TITLE** | M et al vs. The City of Chicago Board of Education | | |

**DOCKET ENTRY TEXT**

The Court grants Plaintiffs' motion for attorney's fees and costs [25] in the amount of $23,216.35.

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

On April 6, 2010, Plaintiffs Matthew M., a minor, and Mark M. and Julie M., individually and as parents and next friend of Matthew ("Plaintiffs"), filed the present lawsuit against Defendant Board of Education of the City of Chicago, District 299 (the "District") for attorney's fees and costs pursuant to the Individuals with Disabilities Education Act ("IDEA"). *See* 20 U.S.C. § 1415(i)(3)(B). On July 7, 2010, the Court grant Plaintiffs' motion for summary judgment and denied the District's motion for summary judgment. *See* Fed.R.Civ.P. 56(c). The Court thus awarded Plaintiffs $73,861.03 – plus prejudgment interest at 3.25% – in attorney's fees. On July 13, 2010, Plaintiffs submitted a fee petition for attorney's fees and costs incurred in litigating the Section 1415(i)(3)(B) claim to the District. Plaintiffs' counsel maintains that they have communicated with the District in an attempt to reach an agreement under Northern District of Illinois Local Rule 54.3 to no avail. Thereafter, Plaintiffs filed the present motion seeking $25,711.35 in attorney's fees and costs. For the following reasons, the Court, in its discretion, grants Plaintiffs' motion for attorney's fees and costs in the amount of $23,216.35.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

**LEGAL STANDARD**

In general, federal courts apply the same principles applicable to attorney's fees awards for civil rights cases under 42 U.S.C. § 1988 to IDEA cases. *See Jodlowski v. Valley View Cmty. Unit Sch. Dist. No. 365-U,* 109 F.3d 1250, 1253 n.2 (7th Cir. 1997) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 n.7, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). When determining whether attorney's fees are reasonable, the Court considers the lodestar figure, namely, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Enoch v. Tienor,* 570 F.3d 821, 823 (7th Cir. 2009) (quoting *Hensley*, 461 U.S. at 433). The "lodestar figure is the 'starting point' and "[o]nce that figure is determined, the court may consider other factors set out in *Hensley*," which "include whether the documentation of the hours is adequate and whether 'billing judgment' was used." *Enoch,* 570 F.3d at 823-34. Courts are mindful that a "request for attorney's fees should not result in a second major litigation." *Sottoriva v. Claps,* 617 F.3d 971, 975 (7th Cir. 2010) (quoting *Hensley*, 461 U.S. at 437). "In light of this concern, as well as the fact that determining what qualifies as a 'reasonable' use of a lawyer's time is a highly contextual and fact-specific enterprise," district courts have wide latitude when awarding attorney's fees. *Sottoriva,* 617 F.3d at 975.

**ANALYSIS**

**I.  Plaintiffs' Attorney Michael O'Connor**

**A.  Complaint**

First, the District maintains that O'Connor's billing of 4.8 hours to draft the federal complaint is excessive because the complaint is a form complaint and certain language is identical to other IDEA actions counsel has brought in this district.[1] The complaint, however, alleges facts and information particular to the present lawsuit, and thus is not as formulaic as the District suggests. The Court, in its discretion, thus declines to reduce the 4.8 hours for drafting and revising the complaint initiating this lawsuit.

**B.  Affidavits**

Next, the District objects to O'Connor billing a total of 1 hour for drafting two attorney affidavits that are similar to the affidavits filed in other matters in this district. The Court agrees that the affidavits drafted in this lawsuit are nothing more than cut and pasted from the affidavits filed in similar lawsuits, and thus reduces the time for drafting and revising these affidavits to .50 hours at a rate of $380.00 an hour for a total deduction of $190.00.

**C.  Local Rule 56.1 Statement of Facts**

The District further objects to the 6.5 hours that O'Connor spent preparing, drafting, and revising Plaintiffs' Local Rule 56.1 Statement of Facts filed in support of Plaintiffs' summary judgment motion. In particular, the District argues that the Rule 56.1 Statement is merely copied from the complaint and affidavits for which O'Connor has already billed. Indeed, only three paragraphs were added to the Rule 56.1 Statement that are not found elsewhere in the record. Accordingly, the Court reduces 3 hours spent of drafting Plaintiffs' Rule 56.1 Statement for a total deduction of $1,140.00.

---

[1] The District does not object to counsels' hourly rates of $380.00 for attorney Michael O'Connor and $240.00 for attorney Sarah Mauk.

### D. Plaintiffs' Summary Judgment Legal Memorandum

Also, the District objects to O'Connor billing 6.5 hours drafting and revising Plaintiffs' opening memorandum of law supporting their summary judgment motion. In particular, the District argues that the fact section is identical to the Rule 56.1 Statement of Facts. The Court will not deduct time based on this argument because Plaintiffs' factual section provided the context of the case and the circumstances giving rise to the dispute. *See Malec v. Sanford,* 191 F.R.D. 581, 585 (N.D. Ill. 2000). The District also argues that opening legal memorandum in the present lawsuit contains the exact legal standard and argument language as in two other IDEA cases that counsel filed in this district. Indeed, the analysis section is simply cut and pasted from these other lawsuits. The Court therefore subtracts 2.0 hours for the drafting and revising of the opening memorandum for a total deduction of $760.00.

### E. Summary Judgment Motion

Next, the District argues that the .25 hours billed by O'Connor to draft the one page, cut and paste motion for summary judgment is excessive, especially because this entry should have been billed at the non-legal rate of $110.00. *See Spegon v. Catholic Bishop of Chicago,* 175 F.3d 544, 553 (7th Cir. 1999) (counsel must exercise billing judgment and not bill tasks that can be delegated to a non-professional). The Court agrees and deducts the rate, but not the amount of time for a total deduction of $67.50 that reflects .25 hours at $110.00 per hour. *See Mattenson v. Baxter Healthcare Corp.,* No. 02 C 3283, 2005 WL 1204616, at *3 (N.D. Ill. Feb, 11, 2005) ("Ministerial or clerical duties – such as filing and serving documents, summarizing depositions, and preparing subpoenas that can be performed by clerical staff – should not be part of the attorney's fees.").

### F. Response to the District's Summary Judgment Motion

Moreover, the District takes umbrage with O'Connor's billing a total of 18.2 hours in responding to the District's Rule 56.1 Statement of Facts and summary judgment motion. The District bases this argument on the fact that the Plaintiffs admitted the majority of the District's Rule 56.1 Statement of Facts. The District, however, fails to recognize that in admitting and denying the individual statements, counsel was required to review evidence and discovery materials to make his determinations. The Court thus declines to deduct any hours on this basis.

The District also argues that the Court should deduct one hour from the drafting the legal memorandum in opposition to the District's summary judgment motion, yet fails to give the Court a cogent reason for any such deduction. Finally, the Court rejects the District's argument that the it should deduct 1.25 in hours for consulting with the client because the client was a lawyer. In this day and age, most lawyers' skills are highly specialized, and thus the Court cannot assume that a client who happens to be a lawyer understands the nuance of IDEA law.

### G. Fee Petition

Next, the District challenges the 1.25 hours O'Connor spent drafting the present fee petition and cover letter because the cover letter is a form letter and that a non-lawyer could have done this work. The Court agrees that a non-lawyer could have performed these tasks and reduces the amount requested by $337.50, which reflects the billing rate of $110.00 per hour for 1.25 hours. *See Spegon,* 175 F.3d at 553; *Christopher C. v. Board of Educ. City Chicago, Dist. 299,* No. 10 C 821, 2010 WL 3420266, at *4 (N.D. Ill. Aug. 26, 2010) ("Attorney's rates do not apply when the attorney provides services that ought to have been delegated to a non-professional.").

### H. Duplicative Work

The District also argues that O'Connor billed for duplicative work when he billed .25 hours to review a short letter from the District because counsel presumably billed this time when he was preparing the fee petition. The District's argument is too speculative and does not substantiate its request to deduct $38.00 from the present fee petition.

## II. Plaintiffs' Attorney Sarah Mauk

Furthermore, the District argues that the 2.15 hours attorney Mauk spent on this matter is duplicative because O'Connor – as lead attorney – is an experienced and skilled lawyer in special education law, and thus any review of his work is unnecessary. The Court disagrees because Mauk's review and comments of O'Connor's various drafts is a reasonable and efficient use of attorney time. *See Edwards v. Rogowski,* No. 06 C 3110, 2009 WL 742871, at *8 (N.D. Ill. Mar. 18, 2009) ("multiple lawyers, working together, may lead to more efficiency and reduced costs") (citing *Gautreaux v. CHA,* 491 F.3d 649, 61 (7th Cir. 2007)).

## III. Non-Legal Work

The District further contends that O'Connor's billing of 1.75 hours for compiling and reviewing documents for Plaintiffs' Rule 56.1 Statement of Facts should be billed at the non-legal rate at $110.00. Although reviewing documents does not necessarily require a legal background, reviewing documents with an eye toward what is relevant evidence to support a summary judgment motion does. In other words, counsel's task was not merely clerical or ministerial. *See Mattenson,* 2005 WL 1204616, at *3. As such, the Court rejects the District's argument in this regard.

## IV. Photocopy Costs

In addition, the District seeks a reduction of photocopying expenses. Pursuant to 28 U.S.C. § 1920(4), the Court can tax as costs "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." *See also Tchemkou v. Mukasey,* 517 F.3d 506, 513 (7th Cir. 2008). Under Section 1920(4), the prevailing party is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble,* 924 F.2d 633, 643 (7th Cir. 1991). Instead, the prevailing party need only provide the best breakdown obtainable from the records. *See id.*

Here, Plaintiffs have listed the cost of printing courtesy copies for the Court at $.15 per page for 411 pages. Plaintiffs also billed for 338 pages at $.15 for printing the District's electronic filings, which falls under the definition of "costs of making copies of any materials" under 28 U.S.C. § 1920(4). Because Plaintiffs' breakdown of these costs is sufficient, *see Northbrook Excess & Surplus Ins.,* 924 F.2d at 643, the Court awards Plaintiffs' $112.35 in photocopying costs.

## V. Degree of Success

Finally, the District argues that the Court should reduce the attorney's fees award to reflect the degree of success. *See Spegon,* 175 F.3d at 557. As the *Spegon* court teaches, "[w]hen a plaintiff has obtained an excellent result, his attorney should recover a fully compensable fee (*i.e.,* the modified lodestar amount), and the fee 'should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit.'" *Id.* (quoting *Hensley,* 461 U.S. at 435).

The District, however, fails to explain why Plaintiffs only achieved partial or limited success. *See Hensley,* 461 U.S. at 436-37; *Spegon,* 175 F.3d at 557-58. In fact, Plaintiffs were very successful – the Court granted their summary judgment motion, denied the District's summary judgment motion, and awarded Plaintiffs $73,861.03 in attorney's fees, which was only 15% less than the amount they sought. In sum, Plaintiffs' victory was significant, and thus the Court, in its discretion, declines to reduce Plaintiffs' fee request based on the level of success as the District argues. *See Johnson v. Kakvand*, 192 F.3d 656, 662 (7th Cir. 1999).